UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE CHEVIS**<br>**(DOC # 299889)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOSSIER MEDIUM SECURITY FACILITY,**<br>**ET AL** | **NO. 07-577-A-M2** |

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in chambers in Baton Rouge, Louisiana, October 17, 2007.

                                          **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE CHEVIS<br>(DOC # 299889) | CIVIL ACTION |
| VERSUS | |
| BOSSIER MEDIUM SECURITY FACILITY,<br>ET AL | NO. 07-577-A-M2 |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Tyrone Chevis ("Chevis"). The State has filed an Answer and a Memorandum in Support of Answer to Chevis's petition. (R. Docs. 6 and 7).

## FACTS & PROCEDURAL BACKGROUND

On August 31, 2004, Chevis was charged by bill of information with molestation of a juvenile in violation of La. R.S. 14:81.2. He initially pled not guilty to the charges against him, and on September 13, 2004, a sanity commission was appointed to evaluate his capacity to proceed to trial. On January 10, 2005, the trial court was advised that Chevis was capable of proceeding to trial. However, Chevis withdrew his not guilty plea at that time and entered a plea of guilty as charged. On April 11, 2005, Chevis was sentenced to fifteen (15) years imprisonment, with his sentence to run consecutive with any time he was currently serving on his parole revocation. The trial court also ordered that Chevis be placed in a sex offender counseling program while incarcerated and informed him that he had two (2) years from the date of his conviction and sentence becoming final within which to seek post-conviction relief.

1

On or about April 23, 2005, Chevis filed a motion for appeal, which the trial court granted. He filed his appellate brief on November 2, 2005, alleging only that the trial court erred in imposing an excessive sentence and in not considering his alleged mental condition as a mitigating factor. The First Circuit Court of Appeal affirmed Chevis's conviction and sentence on May 5, 2006. *State v. Chevis*, No. 2005-2076 (La. App. 1 Cir. 5/5/06), 930 So.2d 1240. Chevis then applied for a writ of certiorari to the Louisiana Supreme Court, which was denied on April 27, 2007. *State ex rel Tyrone Chevis v. State of Louisiana*, No. 2006-1959 (La. 4/27/07), 955 So.2d 679. On August 19, 2006, Chevis forwarded additional information to the Louisiana Supreme Court to supplement his previously-filed writ application. The Supreme Court assigned the matter a different writ number and denied that request for review on April 27, 2007. *State ex rel Tyrone Chevis v. State of Louisiana*, No. 2006-2254 (La. 4/27/07), 955 So.2d 682.

On August 13, 2007, Chevis filed his present habeas petition. He has failed to submit a memorandum in support of his petition containing any legal support for his claims, and based upon the somewhat incomprehensible allegations asserted in his petition, the Court can only discern the following three claims: (1) that his mental illness was overlooked resulting in the imposition of an excessive sentence; (2) that his counsel was ineffective in failing to file pre-trial motions to suppress evidence; and (3) that the evidence presented at trial was insufficient to support his conviction. The State contends that Chevis's habeas petition should be dismissed because he has failed to exhaust his state court remedies relative to the claims asserted in his petition.

## **LAW & ANALYSIS**

An application for a writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available to him in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). In order to "exhaust" one's judicial remedies in state court, a habeas petitioner must "fairly present" each federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 439 (1971). In other words, it is insufficient that a federal habeas applicant has brought claims through the state court system; instead, the state courts must have had the "first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Id.* Thus, the state prisoner is required to present the state courts with the "same claim" that he urges in his federal habeas petition. *Id.*; *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)(The exhaustion requirement is not satisfied if a petitioner presents new legal theories or factual claims in his federal habeas petition). Additionally, federal habeas relief generally is available on a habeas petition only when all of the claims in the petition have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In the present case, Chevis failed to assert before any state courts his second and third claims, regarding his counsel's alleged ineffectiveness and the purported insufficiency of the evidence used to convict him. Thus, those claims are unexhausted and should be dismissed without prejudice. Furthermore, although Chevis presented his first claim, concerning the excessiveness of his sentence, to the state courts for review, such claim could also be dismissed without prejudice since he is required to exhaust all claims within his habeas petition prior to seeking federal habeas relief. However, the Court finds that there is an additional ground for dismissal of Chevis's first claim, and such additional

3

ground requires that claim to be dismissed with prejudice. As discussed above, Chevis presented his excessive sentence claim on appeal to the First Circuit Court of Appeal. That court determined that its review of such claim was procedurally barred pursuant to La. C.Cr.P. art. 881.1 due to Chevis' failure to file a motion for reconsideration of his sentence with the trial court.[1] The Louisiana Supreme Court also denied review of Chevis's excessive sentence claim on procedural grounds based upon La. C.Cr.P. art. 930.3.[2]

It is well-established that a federal court reviewing a state prisoner's habeas claim must respect a state court's determination that the claim is procedurally barred under state law. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 2508-09, 53 L.Ed.2d 594 (1977). In this case, where the last state courts rendering judgment regarding Chevis's excessive sentence claim clearly and expressly stated that their judgments rested upon state procedural bars, Chevis has procedurally defaulted that claim, and this Court may not consider it upon habeas review.[3] While a habeas petitioner may overcome such a procedural bar if he shows "cause" and "prejudice" for his procedural default or

---

[1] Pursuant to La. C.Cr.P. art. 881.1(E), the failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. La. C.Cr.P. art 881.1(E).

[2] La. C.Cr.P. art. 930.3 provides that, if a petitioner is in custody after sentence for conviction for an offense, relief shall be granted only in certain specifically listed instances, none of which applied to Chevis's excessive sentence claim.

[3] In order for federal habeas review to be barred, the last state court rendering a judgment regarding a claim must clearly and expressly state that its judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997)(A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief).

demonstrates that a failure to consider his claim will result in a "fundamental miscarriage of justice,"[4] Chevis has failed to set forth any argument or evidence demonstrating that any of those factors exist in the present matter, and his claim related to excessiveness of sentence should therefore be dismissed with prejudice as procedurally barred.

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Tyrone Chevis, should be **DISMISSED WITH PREJUDICE**, as to petitioner's claim that his sentence is excessive, and **DISMISSED WITHOUT PREJUDICE**, as to his claims of insufficient evidence to support his conviction and ineffectiveness of counsel.

Signed in chambers in Baton Rouge, Louisiana, October 17, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[4] *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause and prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.")